Good morning. Good morning, Your Honors. And may it please the Court, Grace Moran, a certified law student under the direct supervision of Attorney Andrew Knapp. We are representing Petitioner MacJay Yagao. Petitioner would like to request two minutes for rebuttal. Keep your eye on the clock there. Of course. Thank you, Your Honors. Petitioner legally immigrated to the United States nearly 23 years ago at the age of 6 and has extensive family ties in the area, including a 10-year-old daughter. In October 2014, he pled guilty to California Health and Safety Code Section 11-360A, specifically transportation of marijuana. Because of this conviction, which has since been reduced to a misdemeanor, he has been in detention for three and a half years. The government seeks to deport him, despite the fact that this conviction falls within the personal use exception. Counsel, can I just back up for just one second because we have a jurisdictional issue here, which we always have to start with. The question is, do we have jurisdiction to review the BIA's denial of administrative foreclosure? As you know, the Attorney General in the case of the matter of Castro Toon has referred that case to himself for the purpose of deciding whether the BIA has the authority to order administrative foreclosure. What impact, if any, does that referral have on this case? Your Honor, I would refer you to Gonzalez-Caraveo v. Sessions, where this Court determined that this Court does have jurisdiction to review administrative closure issues because the matter of a TC on states explicit factors for the Court to apply, and thus it has a clear standard to apply to the case. I understand, but my question is, the Attorney General has referred this case to himself to determine whether the BIA, which is under his jurisdiction, has the authority at all to handle an administrative closure. So my question to you is, what do we do, if anything, with the fact that the Attorney General has that matter under submission? I'm not sure at this time, Your Honor. Would that affect your argument with respect to the nature of the criminal conviction? No, Your Honor. Okay. As far as the nature of the criminal conviction, the administrative closure issue is unrelated. Okay. Transportation should not be excluded from the personal use exception, and in fact the language of the statute itself suggests that Congress intended to include offenses other than simple possession offenses. Congress uses the word involving, which is specifically important in this case. We acknowledge that the BIA has deemed the language of the personal use exception to be interchangeable with the language of the simple possession exception. However, this undercuts the plain language of the statute. The term involving is broader than the word of. The Oxford Dictionary defines involving as including or containing as a part. Accordingly, the personal use exception's word, or use of the word involving, would mean that the conviction includes or contains as a part possessions for one's own use rather than simple possession. This Court in Rivera-Sanchez declared that Section 11360A, as it existed in 2014, the year that petitioner was convicted, criminalized transportation for personal use. Consequently, the possession for personal use was included as a necessary part of MAC-2's 2014 conviction. But your client was convicted of transportation. Yes, Your Honor. So are you asking us to look beyond the statute, look beneath the elements of the statute of which he was convicted, to what he actually did? Yes, Your Honor. There could be two approaches to that. If it's the circumstance-specific approach, then the court would have to prove that it was not for personal use since the state case law state, or the case law states that transportation can be transportation for personal use. If it's a categorical approach, then we need to assume the minimum conduct and look at state case law. You look to the facts of which criminal conviction can result. And looking at people v. Rogers, we see that transportation can be convicted as transportation for personal use. That's a novel way to apply the categorical use. I've never heard that before. So you're suggesting instead of looking at the face of the statute and comparing that in a Taylor analysis to what the federal comparable statute would be, that we somehow imply the minimum possible use that would fit within that in our analysis of this situation? Yes, Your Honor. Under the categorical approach in each one, you assume the least of the conduct criminalized. We don't disagree with- Where do you get that from? That's in Nijuan. We assume the least- Least of the acts criminalized under the categorical approach. For what purpose? To determine what kind of conduct would fit within a conviction under the statute of conviction. So under the categorical approach, Your Honor, you look, and we don't disagree with the government that 11368 is divisible, but once you have a divisible statute, you can look under the modified categorical approach at, for instance, in this case, a guilty plea, and you can identify that it was the transportation prong. I'm confused. I thought you said we were looking at it on the categorical basis. Now I understand you'd be saying that the statute is divisible and we'd use the modified categorical analysis. Which is it? Your Honor, under DeCamp, you use the modified categorical approach when there's a divisible statute to facilitate the categorical approach. So it would just be used for that limited purpose of identifying which prong the defendant was convicted under. But this statute, you're asking us to apply the modified categorical analysis or the categorical analysis? The categorical analysis, but only in the limited- You want us to use both at the same time? Just for the limited purpose of facilitating the categorical approach itself, Your Honor. I've never heard this before. I'm learning some new things. Well, that's why we point them to representation. Exactly. Exactly. Your Honor, at that point, once you identify it's the transportation prong, the transportation prong itself is indivisible. So when you have an indivisible prong, you look to state case law to determine the minimum conduct which could be criminalized under that. The reason that the transportation prong is indivisible is because, as this Court stated in Rivera-Sanchez, it can result in transportation, or a conviction can result from transportation for personal use or transportation for sale. But looking at state case law, you would have to assume the minimum conduct- Well, you want us to say that it was transportation for personal use, yet the federal provision that we're dealing with, it makes the exception a single offense involving possession for one's own use. So he wasn't actually convicted of possession. He was convicted of transportation. And your argument is that possession is subsumed within transportation, so we should say that it's actually possession within the meaning of the federal provision? Yes, Your Honor. I see my time is running out. Can I briefly respond to that? Okay. Gotcha. You want to save the balance of your time? Yes, Your Honor. Thank you. Thank you, Castle. So we'll hear from the government. Good morning. Good morning, Your Honors. I'm Erica Miles for the Attorney General. Just as a preliminary matter, I just want to make our first argument for the reasons discussed in our brief. The court can dispense with this case entirely under the futility doctrine and the Rodriguez case. He has two convictions. It's not a single offense. This is not in dispute. And that alone dispenses with this case. The exception cannot apply to him. The board would be bound. If you were to remand it back, this court can decide it. It's a legal question. You can dispense with it now. Although, generally, we can't go beyond grounds offered by the board. And I recognize the authorities you cited. But if the board had said all that, it would be easy for us to say right. But it didn't. And the Supreme Court has made clear that we're not supposed to adjudicate things the board didn't adjudicate. So how can we do that? There are exceptions. And it's under the futility doctrine. And this court specifically recognizes, in Fernandez-Ruiz, where the board has determined someone is removable based on a conviction and that this court's review is de novo, which it is here, and it's a legal question, that remand is not necessary. So the outcome would still be exactly the same on remand. It's foreordained. He would still be found removable under this exact same criminal ground statute because the exception cannot apply with two convictions. The strongest case on futility? Fernandez-Ruiz. And then we also cite a Second Circuit and, I believe, a Fifth Circuit case. Second Circuit is Chong, which is the case. But our controlling law is Fernandez-Ruiz. Fernandez-Ruiz is the case, absolutely. Now, what's your answer to his argument? Our answer is that regardless of the approach that is taken, in this case, he cannot even categorically show that the exception applies. He cannot show under the modified categorical approach that the exception applies. But the government's position is those approaches don't apply. The circumstance-specific approach does. But however you look at it, whatever approach you apply, he cannot meet the requirements for the exception. All of the conduct that is criminalized under this drug statute, 11360A, transport, import, sale, furnishing, giving away, all of that is beyond possession. Even if possession is part of any of those, it's still possession plus. It's beyond. And the board's authority as recognized by this court, the board's interpretation as recognized by this court in Rodriguez and in multiple other decisions is that it must either be a simple possession offense or something closely related but not inherently more serious. And here, we have an inherently more serious statute, and the California Ombank Supreme Court said so. It is more serious in that the conduct, the potential for harm in transport, is what raises this to a felony offense rather than a misdemeanor. It's separately criminalized under this provision versus possession, the misdemeanor statute. There's just every indication here that this cannot fall within the exception, which is meant to ameliorate only the potentially harsh immigration consequences for the least serious drug violations. I mean, even the Supreme Court has said this is for the most trivial of marijuana possession offenses in Padilla. The board is on solid footing with this interpretation, and the court should owe it deference and find that transportation just is well beyond possession and for one's own use. You asked a question, Your Honor, at the beginning about administrative closure and jurisdiction. I don't have an official answer or position from my office on that, but typically the answer would be unless and until the Attorney General finds that there is no authority for administrative closure, I think the status quo of the case law is in effect. So this Court's recent Ninth Circuit decision finding jurisdiction would be the case you apply unless and until something changes. So that's something that happened after you filed your answering brief, because in the brief the first position was that we didn't have jurisdiction. Yes. Only now we say we do. Yes. You offered the alternative argument. Could you speak to that? We did. Yes, because we recognize that it might not go our way jurisdictionally, and it didn't. But the standards are similar, quite similar for both continuances and requests for admin closure. The cases that govern are Garcia in the continuance context and Matter of Appetition and Montiel in the administrative closure context. But we do have jurisdiction. There was no abuse of discretion. Yes. And for all the reasons we stated in our brief. And if you don't have any further questions for me, I will sit down. Thank you. Thank you. So we have a new counsel for rebuttal, right? Okay. Good morning. Good morning, Your Honors. May it please the Court. My name is Gabrielle Gilbertson. I am also representing MACJA EGAL. Your Honors, I know this case seems a little confusing, but I'm going to try to simplify it. The main issue here turns on whether transportation involves possession. It does. The BIA has stated that transportation is inherently more serious in Davie. However, this departed from their past decisions. They also added a number of other requirements to this list. For example, they said that being under the influence was inherently more serious. However, in matter of some, the BIA had said that being under the influence isn't more serious than possession because it doesn't have the possibility of being dispersed out into the community after you ingest it. Counsel, with respect to this particular factual situation, do you have any case from our circuit, or for that matter any other circuit, that agrees with what you're telling us? In other words, that when you have a statute that's focused on transportation, that we should assume that what they really mean is the least aspect of this is you've got to possess something in order to transport it, and that's what we should focus on. Do you have any case that says that? Your Honor, in Sandoval v. Sessions, this court said to look to the case law to interpret the meaning of an indivisible statute such as transportation. That's what I'm asking for. Where's your case? While we don't have, we have California cases that are on point. California. Yes, Your Honor. In Esquivel, the Fifth Circuit found that the BIA is adding requirements on to the personal use exception. But in the plain language, there is nothing that accepts transportation or being under the influence from possession. Transportation involves possession. In California, the California case law convicts individuals of transportation for personal use or for sale. And for those reasons, this court is to presume the minimum conduct. On what do you base that? Let me give you an example. Let's assume that you have a multiple convicted drug dealer with 1,000 kilos of heroin. He uses it, too. Are you saying that when we construe the offense, we say, you know, he had to possess this stuff in order to transport it and to sell it. But we're required to look just at the fact that he possessed it? Is that what you're saying? Well, I can't speculate as to that case, Your Honor. In this case, you do look to the minimum conduct. What's the difference in the drug and the quantity? Well, the difference is whether you apply the categorical approach and the circumstance-specific approach. In your hypothetical, it would depend on whether various states across the nation had thresholds for the amount that he was carrying. This is exactly what happened in Nijuan, where the court found that the only way that the deportability ground would be left with any meaningful application is if they applied the circumstance-specific approach. However, here, many states, in fact, 36 at the time that the personal use exception was enacted, had thresholds over and under the 30-gram exception amount. Therefore, you wouldn't apply the circumstance-specific approach under the Supreme Court's analysis. You would apply the categorical approach. Your time is up. Let me ask my colleagues, do we have any additional questions we want to ask counsel? Does your position really revolve around the use of the word involving in this? Yes, Your Honor. That's how you get out of all this other stuff. Yes, yes. If there's no further questions, I will take a seat. Thank you. Thank you. Thanks all for their argument. We congratulate counsel. I hope we didn't give you too bad a time. That's just part of what we have to do here, you know. But we very much appreciate your argument. You both did a fine job, and we thank your attorney supervisor for being involved. He's brought some other fine students this week as well, and we hope you'll continue doing that. And hopefully we'll come back as well as practicing lawyers. That would be good. The case just argued is submitted.
judges: Schroeder, Clifton, M. Smith